IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2003, MERRILL LYNCH MORTGAGE INVESTORS TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2004-WMC3,<br><br>       Plaintiff,<br><br>v.<br><br>ANN M. JOHNSTON; FIRST NATIONAL BANK IN DEKALB; MERL L. SEARCY; MARY ELLEN SEARCY,<br><br>       Defendants. | Civil Action No. 3:13-CV-50120<br>Honorable Frederick J. Kapala<br>Honorable Magistrate Iain D. Johnston |
| ANN M. JOHNSTON and RONALD D. JOHNSTON,<br><br>       Defendants / Counter-Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2003 MERRILL LYNCH MORTGAGE INVESTORS TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2003-WMC3,<br><br>       Plaintiff / Counter-Defendants. | |

| |
|---|
| ANN M. JOHNSTON and<br>RONALD D. JOHNSTON,<br><br>        Third-Party Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, OCWEN LOAN SERVICING, LLC, a Delaware Limited Company,<br><br>        Third-Party Defendants. |
| ANN M. JOHNSTON and RONALD D. JOHNSTON,<br><br>        Third-Party Plaintiffs,<br><br>v.<br><br>JOHN DOE, DEFENDANTS IN INTEREST, BY CUSIP NUMBERS 5899292A5, 5899292B3; 5899292C1; 5899292D9; 5899292E7; 5899292F4; 5899292G2; 5899292H0; 5899292J6; 5899292K3; 5899292L1; ANAIDA MKHITARIAN, 830 E. ORANGE GROVE AVE., BURBANK, CA 91501,<br><br>        Third-Party Defendants. |

**THIRD-PARTY DEFENDANT ANAIDA MKHITARIAN'S REPLY
IN SUPPORT OF MOTION TO DISMISS ANN M. JOHNSTON
AND RONALD D. JOHNSTON'S THIRD-PARTY COMPLAINT**

      Third-Party Defendant Anaida Mkhitarian, by and through her undersigned counsel, submits this Reply in support of her Motion to Dismiss the Third-Party Complaint of Ann M. Johnston and Ronald D. Johnston (the "Johnstons") pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

2

**INTRODUCTION**

Ms. Mkhitarian, as she established in a sworn affidavit attached to her Motion to Dismiss for lack of personal jurisdiction, has no connection to Illinois—she is a California resident who has never engaged in or conducted business in Illinois, has never been to Illinois, has never had any purposeful contact with Illinois, and owns no property or assets in Illinois. The Johnstons do not dispute any of these facts. Instead, in their Opposition, the Johnstons appear to assert that (1) personal jurisdiction is proper because Ms. Mkhitarian had a handful of email and telephone communications with the Johnstons, *see* Opp'n ¶¶ 5–7, ECF No. 105; and (2) 28 U.S.C. § 1655, a federal statute that relaxes the requirement of personal service in certain types of in rem proceedings, can be invoked to establish personal jurisdiction over Ms. Mkhitarian because the Johnstons are attempting to prevent a foreclosure on real property in Illinois, *see* Opp'n ¶ 8 (citing *Carter Oil Co. v. Wood*, 30 F. Supp. 875 (E.D. Ill. 1940)). The Johnstons are wrong on both points.

First, as the Supreme Court recently held, to support the exercise of personal jurisdiction, a "defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Moreover, the only contacts that are relevant to establishing personal jurisdiction are those contacts that "the 'defendant *himself*' creates." *Id.* at 1122. Here, the communications between Ms. Mkhitarian and the Johnstons resulted when Mr. Johnston "contacted" Ms. Mkhitarian "via phone . . . and email." *See* Johnstons' Third-Party Compl. pp. 33–34 at ¶¶ 2–11, ECF No. 72. Accordingly, Ms. Mkhitarian herself did not establish any connection with Illinois, let alone the "substantial connection" necessary to support personal jurisdiction.

Second, 28 U.S.C. § 1655 applies only to certain in rem actions—*i.e.*, actions "to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district." 28 U.S.C. § 1655. The statute therefore is not applicable

3

to—and cannot be invoked to support jurisdiction with respect to—in personam claims like the claims for alleged "fraud, deception, and contempt of the Court's subpoena" that the Johnstons assert against Ms. Mkhitarian. *See* Johnstons' Third-Party Compl. p. 34.

Because the Johnstons have failed to establish personal jurisdiction over Ms. Mkhitarian, Ms. Mkhitarian's Motion to Dismiss should be granted.

## ARGUMENT

### I. Ms. Mkhitarian Does Not Have Sufficient Contacts with Illinois to Establish Personal Jurisdiction

"The plaintiff . . . has the burden of demonstrating the existence of personal jurisdiction." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). As the Supreme Court explained in *Walden*, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1122. Accordingly, "the plaintiff cannot be the only link between the defendant and the forum," and "the mere fact that [the defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.* at 1122, 1126. Moreover, the only contacts that can support the exercise of personal jurisdiction are the "contacts that the 'defendant *himself*' creates." *Id.* at 1122 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

For example, in *TimberStone Management LLC v. Idaho Gold Partners, Inc.*, an Illinois-headquartered plaintiff sued an Idaho-based company in the Northern District of Illinois and alleged that the defendant wrongfully used a trademark that the plaintiff owned. No. 2014-CV-5502, 2014 WL 5821720, at *1–2 (N.D. Ill. Nov. 6, 2014). In considering whether the defendant

4

had sufficient "minimum contacts" with Illinois to support personal jurisdiction, the court identified the following potentially relevant conduct by the defendant: (1) "shortly after receiving [a] cease and desist letter [from the plaintiff], [the defendant] sent a letter back to [plaintiff]"; (2) "[o]ver the course of the next few months [defendant] called [plaintiff] on several occasions to resolve the dispute over the use of the [trademark]"; and (3) "[defendant] sent an e-mail to [plaintiff] . . . and offered a monetary sum for use of the [trademark]." *Id.* at *5. The court characterized these contacts as "extremely limited." *Id.* In holding that these "limited communications . . . fail[ed] to establish that [defendant had] sufficient minimum contacts in Illinois," the court explained that the defendant had contacted the plaintiff only "for the limited purpose of dealing with the usage of the [trademark]" and only when "responding to an action initiated by [plaintiff]." *Id.*

Here, in a sworn affidavit, Ms. Mkhitarian stated: (1) "I have never initiated or solicited a personal or business transaction with any individual or entity located in the State of Illinois"; (2) "I have never engaged in or conducted business in the State of Illinois and have never been licensed to do so"; (3) "I have never had any purposeful contact with the State of Illinois"; and (4) "I do not own any property or assets located in the State of Illinois." Mkhitarian Aff. ¶¶ 9–10, 11, 14, ECF No. 100. In sum, Ms. Mkhitarian has no connection with Illinois.

In their Opposition, however, the Johnstons reference certain of their communications with Ms. Mkhitarian in an apparent attempt to support the exercise of personal jurisdiction. *See* Opp'n ¶¶ 5–7 ("In a phone conversation with [Ms. Mkhitarian], Johnstons learned from [Ms. Mkhitarian] that she was receiving calls from mortgage foreclosure defense attorneys from around the country

5

. . . .").[1] Even according to the Johnstons, however, those communications resulted when Mr. Johnston "contacted" Ms. Mkhitarian "via phone . . . and email." *See* Johnstons' Third-Party Compl. pp. 33–34 at ¶¶ 2–11. Accordingly, those communications were created by the Johnstons, not Ms. Mkhitarian. Like the communication in *TimberStone* which the court held to be insufficient to establish personal jurisdiction, here, Ms. Mkhitarian was "responding to an action initiated by" the Johnstons. *See TimberStone*, 2014 WL 5821720, at *5. Moreover, the communications on which the Johnstons rely are contacts with the Johnstons (who happen to be Illinois residents) but not, as required to establish personal jurisdiction, contacts with "the forum State [of Illinois] itself." *See Walden*, 134 S. Ct. at 1122.

The Johnstons have failed to establish that Ms. Mkhitarian's suit-related conduct created a substantial connection with Illinois, and the Court should hold that Ms. Mkhitarian lacks sufficient "minimum contacts" with Illinois to support personal jurisdiction over her.

**II.    The Johnstons' Claims Against Ms. Mkhitarian Are Not In Rem Claims**

In their Opposition, the Johnstons state that Ms. Mkhitarian's Motion to Dismiss "should be denied, based on" *Carter Oil Co. v. Wood*, 30 F. Supp. 875 (E.D. Ill. 1940). *See* Opp'n ¶ 8. In *Carter Oil*, which was "a suit to establish title to real estate," the court ordered that three nonparties with a potential interest in the real estate be added to the suit as defendants. *Carter Oil*, 30 F. Supp. at 878. The court then noted, in dicta, that the absent defendants could "be brought in" to

---

[1] The Johnstons also reference in their Opposition that the relevant mortgage note was "purportedly signed by [Ms. Mkhitarian] on 'unknown' date." Opp'n ¶ 4. The Johnstons state in their Answer, however, that Ms. Mkhitarian's signature was affixed to the mortgage note without her knowledge: "The signature of ANAIDA MKHITARIAN . . . was, photo-shopped, super-imposed from a swatch cut-away[ ]from another document, or otherwise stamped on the Note ***without Mkhitarian's knowledge***." *See* Johnstons' Answer p. 14 at ¶ 10, ECF No. 72 (emphasis added). Accordingly, the affixing of Ms. Mkhitarian's signature on the relevant mortgage note is not a contact created by Ms. Mkhitarian with Illinois and cannot be a basis for establishing personal jurisdiction over her.

6

the suit "by substituted service" pursuant to then-in-effect version of 28 U.S.C. § 1655 (at the time that *Carter Oil* was decided, 28 U.S.C. § 1655 was codified at 28 U.S.C. § 118). *See id.*[2]

Section 1655, however, applies only to actions "to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, ***real or personal property within the district***." 28 U.S.C. § 1655 (emphasis added). "[T]he 'claim' must be upon property located within the court's jurisdiction, capable of being taken over or possessed by the court." *Kohagen v. Harwood*, 185 F.2d 276, 278 (7th Cir. 1950) (holding that service under § 1655 was not proper in a claim for unpaid royalties).[3] In other words, § 1655 applies only to an in rem action, not to an in personam action. *See id.*; *see also GP Credit Co., LLC v. Orlando Residence, Ltd.*, 349 F.3d 976, 979 (7th Cir. 2003) ("Section 1655 enables a federal court . . . to obtain a jurisdiction over a thing as distinct from a person.").

---

[2] In the types of claims as to which § 1655 is applicable (*i.e.*, certain in rem claims), the statute permits a court to order an "absent defendant to appear or plead by a day certain," but requires that the order "shall be served on the absent defendant personally if practicable, wherever found," or, "[w]here personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks." 28 U.S.C. § 1655. If the absent defendant does not appear, however, "the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action." *Id.* The version of § 1655 then in effect at the time that *Carter Oil* was decided, 28 U.S.C. § 118 (1934), is materially similar in all relevant respects to § 1655. *See* 28 U.S.C. § 118 (1934) ("[I]t shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district; but said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district . . . .").

[3] *See also* Charles Alan Wright & Arthur R. Miller et al., 13F *Federal Practice and Procedure* § 3635, pp. 333–35 (3d ed. 2009 & Supp. 2016) ("Because a federal court's jurisdiction in an action under Section 1655 of Title 28 of the United States Code is based on the court's power over the property in dispute rather than on personal jurisdiction over the defendant, unless the defendant makes a general appearance, the requested relief only can affect the property and cannot be directed at the defendant personally. . . . Accordingly, an in personam claim—as opposed to a claim against the property—will not support the application of the statute.").

Here, although it is true that the Johnstons are seeking to prevent a foreclosure on real property in Illinois, the Johnstons are suing Ms. Mkhitarian for "fraud, deception, and contempt of the Court's subpoena," and are seeking from Ms. Mkhitarian "punative [sic] and exemplary damages, as this Court deems appropriate." *See* Johnstons' Third-Party Compl. p. 34. The Johnstons' claims are in personam, not in rem. Accordingly, § 1655 is not applicable to the Johnstons' claims, and cannot be used to establish personal jurisdiction over Ms. Mkhitarian.

## **CONCLUSION**

Ms. Mkhitarian respectfully requests that the Court grant her Motion to Dismiss.

Dated: January 27, 2017

By: /s/ Stephen R. Brown

Megan B. Poetzel
Stephen R. Brown
JENNER & BLOCK, LLP
353 N. Clark Street
Chicago, IL 60654
Tel:   (312) 923-2611
Fax:   (312) 840-7611
Email: MPoetzel@jenner.com
          StephenBrown@jenner.com

Jamie L. Ackerman (CA Bar No. 258457)
140 Newport Center Drive, Suite 260
Newport Beach, CA 92660
Tel:   (949) 644-5300
Email: JamieLAckerman.esq@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on January 27, 2017, I caused a true and correct copy of the foregoing Third-Party Defendant Anaida Mkhitarian's Reply in Support of Motion to Dismiss Ann M. Johnston and Ronald D. Johnston's Third-Party Complaint to be served via the Court's electronic filing system notice to registered users and via electronic mail to the following:

| | |
|---|---|
| Michael Alan Gilman<br>Dykema Gossett PLLC<br>10 South Wacker Drive, Suite 2300<br>Chicago, IL 60606<br>Email: mgilman@dykema.com<br><br>Ashley Kaye Rasmussen<br>Caleb J. Halberg<br>Kimberly Jo Goodell<br>Megan Christine Graham<br>Potestivo & Associates, P.c.<br>223 West Jackson Blvd., Suite 610<br>Chicago, IL 60606<br>(312) 263-0003<br>Email: arasmussen@potestivolaw.com<br>Email: chalberg@potestivolaw.com<br>Email: kbatcha@potestivolaw.com<br>Email: madams@potestivolaw.com<br><br>Nathan David Lichtman<br>Potestivo & Associates, P.C.<br>811 South Blvd., Suite 100<br>Rochester Hills, MI 48307<br>(248) 853-4400<br>Email: nlichtman@potestivolaw.com<br><br>Kerry A. Walsh<br>Fidelity National Law Group<br>10 S. LaSalle Street, Suite 2750<br>Chicago, IL 60603<br>312-223-2760<br>Email: KWalsh@LLFLegal.com<br><br>*Counsel for Wells Fargo Bank Minnesota, National Association* | Anne M. Johnston<br>1311 Violet Lane<br>Batavia, IL 60510<br>630-890-1554<br>Email: ronandannjohnston@gmail.com<br><br>Joseph Michael Williams<br>Attorney at Law<br>27W525 High Lake Rd.<br>#115<br>Winfield, IL 60190<br>(888) 517-6660<br>Email: joewilliamslaw@gmail.com<br><br>*Counsel for Anne M. Johnston* |

| | |
|---|---|
| Michael Alan Gilman<br>Dykema Gossett PLLC<br>10 South Wacker Drive<br>Suite 2300<br>Chicago, IL 60606<br>Email: mgilman@dykema.com<br><br>*Counsel for Mortgage Electronic Registration Systems, Inc.* | Ronald D. Johnston<br>1311 Violet Lane<br>Batavia, IL 60510<br>630-890-1554<br>Email: ronandannjohnston@gmail.com |
| Michael Alan Gilman<br>Dykema Gossett PLLC<br>10 South Wacker Drive<br>Suite 2300<br>Chicago, IL 60606<br>Email: mgilman@dykema.com<br><br>*Counsel for Ocwen Loan Servicing, LLC* | |

By: /s/ Stephen R. Brown

2